# SUPREME COURT.

Thomas Boese, as receiver, &c., agt. William H. Locke
and others.

*Bankruptcy — Insolvent law — Statute of New Jersey.*

The statute of New Jersey entitled " An act to secure to creditors an equal
and just division of the estates of debtors, who convey to assignees for
the benefit of creditors," passed April 16, 1846, by its provisions is an
insolvent law, and as such is suspended by operation of the United
States bankrupt law; and an assignment made thereunder confers no
title to the property upon the assignees and is void as against creditors.

*New York Special Term, May, 1877.*

On the 3d of February, 1876, William Pickhardt and
Adolph Kutroff recovered a judgment in the supreme court
of this state against the defendant Locke, and such proceed-
ings were thereupon had under such judgment that the plain-
tiff was appointed receiver of the property of the judgment
debtor and duly qualified as such. On the 23d of Septem-
ber, 1875, the defendant Locke, then being a resident of the
state of New Jersey, made an assignment for the benefit of
his creditors to the defendants William King, John U.
Goetchius and Edward E. Poor, who accepted the trust
reposed in them by said assignment and reduced to cash the
property of the said Locke, and the said assignees have
brought certain of said moneys into the state of New York
and deposited the same in a trust company here.

The plaintiff has brought this action to have said assign-
ment declared fraudulent and void and to have the property
which the defendants have in this state belonging to said
Locke delivered over to the plaintiff as receiver.

*C. Bainbridge Smith*, for plaintiff.

*Martin & Smith*, for defendants.

VAN BRUNT, *J.* — The defendants claim that this action cannot succeed, upon two grounds :

*First,* That the law of the state of New Jersey, pursuant to which this assignment purports to have been made, is in full force and effect and

*Secondly,* That if the above-mentioned act has been repealed by the United States bankrupt law, the assignment is a good one at common law.

It has been held by the United States supreme court that the bankrupt law has abolished all insolvent laws of the several states; that is, that no debtor against the will of the creditors can be relieved of his debts except in the manner prescribed by the bankrupt law.

The first question, therefore, to consider, is whether or not the statute of New Jersey, under which this assignment is made, is to be considered in any respect as an insolvent law.

This act was passed on the 16th of April, 1846, and was entitled " An act to secure creditors an equal and just distribution of the estate of debtors who convey to assignees for the benefit of creditors."

Section 1 of that act provides " that every such conveyance shall be made for the equal benefit of the creditors," and prohibits all preferences.

Section 2 requires the debtor to annex a schedule of assets and liabilities.

Section 3 requires the assignee to give three weeks' notice, by publication in the newspapers, to creditors to present their claims.

Section 5 provides that, at the expiration of three months, the assignee shall file a list of creditors, and of their respective claims, and also provides that all claims against the estate must be made as prescribed by that act, or be forever barred from coming in for a dividend.

Section 11 provides that if any creditor shall not exhibit his claim within the term of three months above mentioned,

such claim shall be barred of a dividend, unless the estate shall prove sufficient to pay the claims which have been presented in full, &c.

Section 14 provides that nothing in this act shall be taken or understood as discharging said debtor or debtors from liabilities to their creditors who may not choose to exhibit their claims. * * * But, with respect to the creditors who shall come in and exhibit their demands for a dividend, they shall be wholly barred from having, afterward, any action or suit at law or equity against such debtors or their representatives.

In the case of *Mayer* agt. *Hellman* (1 *Otto*, 496), the supreme court of the United States, referring to a statute of the state of Ohio, for the purpose of showing that the statute is not repugnant to the bankrupt law, uses the following language :

" There is nothing in the act resembling the insolvent law. It does not discharge the insolvent from arrest or imprisonment. It leaves his after-acquired property liable to his creditors precisely as though no assignment had been made. The provisions for the enforcing the trust are substantially such as a court of chancery would apply, in the absence of any statutory provision."

The court, by this language, clearly intimates that if an act, by any of its provisions, exempts the insolvent from arrest or imprisonment, or relieves his after-acquired property from liability to any of his creditors, it is, in its nature, an insolvent law, and repugnant to the bankrupt law.

The statute of New Jersey under consideration, by its fourteenth section, expressly provides that all creditors who shall exhibit their claims to the assignees for a dividend, no matter how small such a dividend may be, shall be wholly barred from any action or suit at law or equity against such debtor or their representatives, thus clearly exempting the insolvent from arrest or imprisonment, and exempting his after-acquired property from liability to such creditor. These

Boese agt. Locke.

provisions clearly make the act in its nature an insolvent law, and consequently repugnant to the bankrupt law.

This brings us to the second proposition urged by the defendants, viz. : That even if the above-mentioned act has been suspended by the bankrupt law, the assignment is a good one at the common law.

The assignment provides that the trustees are to take possession of, and collect, and to sell and dispose of the same (meaning the property of the assignors) at public or private sale, and to distribute the proceeds to and among the creditors of the said William H. Locke, in proportion to their several just demands, pursuant to the statutes in such case made and provided.

The assignment, therefore, clearly appears to have been made subject to and in reference to the laws of New Jersey, respecting such instruments.

The assignees are to distribute the fund according to the laws of New Jersey, and they would violate the provisions of the trust deed did they make a distribution without complying with the provisions of those laws, and it seems to me as a necessary consequence that the assignor undoubtedly presumed that he would be entitled to the protection provided for by the statutes, pursuant to the provisions of which his assigned estate was to be distributed.

If this view is correct, the assignment cannot be sustained as a common-law assignment, but must be considered as having been made under a statute of New Jersey, the operation of which has been suspended by the bankrupt law.

In the consideration of these questions, I have not thought it necessary to consider what would have been the effect of the assignment had it not been void because of the bankrupt law.

For the reasons above stated, the assignment is void, and confers no title upon the assignees to the property of the defendant Locke.

The plaintiff is entitled to judgment, with costs.